# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY MCCARTNEY, | : | CIVIL ACTION NO. 1:09-CV-1817 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| PENNSYLVANIA STATE POLICE, JEFFREY MILLER, DANIEL HAWK, DENNIS SMOLKO, EARL KILLION, CHARLES STROBERT, THOMAS MANNION, THOMAS BUTLER, PATRICK B. GEBHART, | : | |
| Defendant | : | |

## **MEMORANDUM**

This is an employment discrimination action brought by plaintiff Wendy McCartney ("McCartney") against her former employer, defendant the Pennsylvania State Police ("PSP"), and several current and former employees of that agency. McCartney contends that each of the individual defendants engaged in gender discrimination in violation of the Equal Protection Clause and carried out acts of retaliation in contravention of the First Amendment. In addition, McCartney claims that the PSP fostered a hostile work environment, discriminated against her on the basis of gender and age, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-963. Presently before the court is a partial motion to dismiss, filed collectively by all defendants. (See Doc. 7.) For the reasons that follow, the motion will be granted.

## I. Statement of Facts[1]

The factual allegations contained in McCartney's complaint are sparse and can be summarized expeditiously. In 2001, the PSP hired McCartney as a Liquor Enforcement Officer. (Doc. 1 ¶ 17.) From the date of her hire to the time of her termination, McCartney was the sole female occupying such a position within the department. (Id. ¶ 18.) McCartney claims that she was regularly excluded from employee meetings and office communications, and subjected to commentary and humor that was disrespectful toward the female gender. (See id. ¶ 19.) She further alleges—albeit without any temporal or factual specificity—that she was denied opportunities for advancement while similarly situated male officers were not. (See id.) Finally, McCartney claims that she was involved romantically with a male sergeant and was "targeted" by other officers as a result of this relationship.[2] (See id. ¶ 20.) At some point—presumably in 2005, though the complaint is unclear—McCartney was purportedly forced to resign. (See id. ¶ 18.) The complaint does not describe which of the defendant officers allegedly perpetrated

---

[1] In accordance with the standard of review for a Rule 12(b)(1) motion to dismiss based upon the sufficiency of the pleadings, and a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. Furthermore, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

[2] McCartney does not elaborate on what she means when she alleges that she was "targeted" by other officers.

any of the complained-of acts, nor does it supply any factual detail elaborating on the nature of the acts.

McCartney commenced the instant action by filing a complaint on September 21, 2009. (See Doc. 1.) She alleges that each of the individual defendants discriminated against her on the basis of her gender, and retaliated against her for speaking out against such treatment. In addition, McCartney accuses the PSP of fostering a hostile work environment, gender and age discrimination, and retaliation, all in contravention of Title VII and the PHRA. On November 25, 2009, defendants collectively filed a partial motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. (See Doc. 7.) This motion has been fully briefed and is ripe for disposition.

## II. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The court should grant such a motion only if it appears with certainty that the exercise of jurisdiction would be improper. Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); see also Kehr Packages, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Mortensen, 549 F.2d at 891; see also Atkinson, 473 F.3d at 514. In the motion *sub judice*, defendants present a facial attack on the court's subject matter jurisdiction,

4

(see Doc. 8 at 5 n.1); the court will therefore limit its review to the sufficiency of the pleadings.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry. In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as

5

true, while mere legal conclusions may be disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to establish defendant liability, however, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane, 213 F.3d at 116-17.

### III. Discussion

In the present motion, the PSP moves to dismiss McCartney's PHRA and age discrimination claims as jurisdictionally barred by the Eleventh Amendment. In addition, the individual defendants seek dismissal of the claims arising under § 1983 for failure to state a *prima facie* claim for federal tort relief, and because the allegations were not levied within the applicable limitations period. The court will address defendants' grounds for dismissal *seriatim*.

6

## A. Eleventh Amendment Immunity

In Count Two of her complaint, McCartney alleges that the PSP violated the PHRA and engaged in discrimination on the basis of age. Both claims are jurisdictionally barred by the Eleventh Amendment, which precludes private federal litigation against a state and its agencies.[3, 4] Hans v. Louisiana, 134 U.S. 1, 15-16 (1890); see also Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008); Hill v. Borough of Kutztown, 455 F.3d 225, 247 n.30 (3d Cir. 2006) (explaining that Congress did not abrogate the states' sovereign immunity by passage of the Age Discrimination in Employment Act); Boone v. Pa. Office of Vocational Rehab., 373 F. Supp. 2d 484, 495-96 (M.D. Pa. 2005) (holding that state agencies maintain sovereign immunity from PHRA suits in federal court). Accordingly, the court will grant the PSP's motion to dismiss the PHRA and age discrimination claims. Leave to amend will be

---

[3] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

[4] McCartney's complaint does not specify whether she intended to file suit against the individual defendants in their official capacities as well as their individual capacities. For purposes of the Eleventh Amendment, however, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, even if McCartney had intended to raise such claims, they would be prohibited by the Eleventh Amendment.

7

denied as futile. See Grayson, 293 F.3d at 108 (observing that the district court may exercise its discretion to dismiss a claim with prejudice when leave to amend would be futile).

**B.    Section 1983 Claims**

Section 1983 affords a right to relief where official action causes a "deprivation of rights protected by the Constitution." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). The statute is not an independent source of substantive rights, but merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To establish a claim under § 1983, the plaintiff must demonstrate (1) the transgression of a constitutional right, and (2) that a "person acting under the color of state law" is responsible for the alleged injury. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). In the matter *sub judice*, McCartney contends that she was denied the equal protection of the laws on the basis of her gender in contravention of the Fourteenth Amendment, and that she suffered unlawful retaliation in violation of the First Amendment.

For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege that each and every defendant was personally involved in the purported wrongdoing. Evancho, 423 F.3d at 353. A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination." Id.; see also Andrews v.

8

City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990). This court has described the specificity required of a plaintiff's allegations as follows:

> [A]llegations are sufficient to survive a motion to dismiss when they name the individuals responsible, the conduct, the time, and the place of the incident that deprived a plaintiff of his civil rights. Conversely, alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient. Accordingly, a § 1983 complaint must be dismissed when it fails to contain even a remote suggestion that a supervisory defendant had contemporaneous, personal knowledge of the alleged harm and acquiesced in it.

Ozoroski v. Maue, Civ. A. No. 1:08-CV-0082, 2009 WL 414272, at *10 (M.D. Pa. Feb. 18, 2009) (quoting Kirk v. Roan, 1:04-CV-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006), Evancho, 423 F.3d at 353, and Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Although McCartney has sued a total of nine individual PSP employees, she has not described any individual's alleged conduct or the time or place of the alleged activity. In fact, McCartney's complaint does not even contend that the individual defendants knew about the purported wrongdoing, much less that they participated therein. Thus, her pleading falls far short of the requirement of Federal Rule of Civil Procedure 8 that a pleading provide each "defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 555). Quite simply, there is no way for the individual defendants to answer McCartney's vague allegations. The court will therefore grant the motion to dismiss the claims arising under § 1983, but McCartney will be

9

permitted leave to amend her complaint to plead the personal involvement of each individual to whom she ascribes tortious liability.[5]

---

[5] The individual defendants argue that McCartney's § 1983 claims are time-barred by the statute of limitations governing constitutional tort actions. Civil rights claims are governed by the state statute of limitations applicable to personal injury actions. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). In Pennsylvania, the applicable limitations period is two years. See PA. CONS. STAT. § 5524(7); see also Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008). "[U]nder federal law, which governs the accrual of section 1983 claims, the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)).

Federal Rule of Civil Procedure 8(c) classifies a statute of limitations claim as an affirmative defense that must be pled in an answer to the complaint. See FED. R. CIV. P. 8(c). Additionally, Rule 12(b) requires that all defenses be asserted in an answer except those expressly enumerated in the rule. See FED. R. CIV. P. 12(b). The Federal Rules do not require a plaintiff to proffer specific allegations regarding the timing of the alleged offense, and Rule 12(b) does not provide for the pre-answer assertion of a limitations defense. See id.; Wilson v. McVey, 579 F. Supp. 2d 685, 689 (M.D. Pa. 2008). Although a district court may dismiss a complaint as time-barred if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Vetetrans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974)), the court declines defendants' invitation to do so. McCartney has not offered detail regarding the particular timing of the alleged offenses, and she is not required to do so at this time. The court finds that the statute of limitations inquiry is better reserved for summary judgment, after a factual record has been developed.

**IV. <u>Conclusion</u>**

For the foregoing reasons, McCartney's PHRA and age discrimination claims shall be dismissed with prejudice. The claims arising under § 1983 shall likewise be dismissed, but McCartney will be permitted leave to amend her complaint in order to allege the personal involvement of each of the named individual defendants.

An appropriate order follows.

<u>S/ Christopher C. Conner</u><br>
CHRISTOPHER C. CONNER<br>
United States District Judge

Dated:      May 27, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WENDY MCCARTNEY,** | : | CIVIL ACTION NO. 1:09-CV-1817 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| **JEFFREY MILLER, DANIEL HAWK,** | : | |
| **DENNIS SMOLKO, EARL KILLION,** | : | |
| **CHARLES STROBERT, THOMAS** | : | |
| **MANNION, THOMAS BUTLER,** | : | |
| **PATRICK B. GEBHART,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 27th day of May, 2010, upon consideration of the partial motion (Doc. 7) to dismiss, filed collectively by defendants, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The partial motion to dismiss (Doc. 7) is GRANTED. The following claims are DISMISSED:

    a. The § 1983 claims appearing in Count One of the complaint and directed against the individual defendants;

    b. The PHRA claim appearing in Count Two of the complaint and directed against defendant the Pennsylvania State Police; and

    c. The age discrimination claim appearing in Count Two and directed against defendant the Pennsylvania State Police.

2. Plaintiff Wendy McCartney shall be permitted to file, on or before June 15, 2010, an amended complaint that alleges personal involvement on the part of each of the named defendants.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge